No. 3481

Second Circuit

GERMALENE CHEMICAL CO., INC., v.
POLICE JURY OF GRANT PARISH

(July 1, 1929. Opinion and Decree.)

John A. and R. B. Williams, of Colfax, attorneys for plaintiff, appellant.

Harry Fuller, of Winnfield, and Cleveland Dear, of Alexandria, attorneys for defendant, appellee.

WEBB, J. Plaintiff, Germalene Chemical Company, Incorporated, brought this action against the Police Jury of Grant Parish to recover judgment for the price of merchandise alleged to have been sold and delivered to defendant through its representative, the sheriff of Grant Parish, and plaintiff appeals from a judgment rejecting its demands.

On trial it was shown that, prior to the date the purchases were made, plaintiff received a letter from the treasurer of Grant Parish in which plaintiff was advised that defendant had passed a resolution prohibiting anyone from making purchases for its account, and that it would not be responsible for any purchases made without its consent, and requesting plaintiff to observe such resolutions in the future.

Plaintiff does not, of course, question the power of the principal to revoke the authority of its agent, or the effect of the revocation as to parties having knowledge of it; but it is contended that the resolution was not a revocation of the authority of the sheriff, or if so, that the notice given by the treasurer of the parish was not sufficient; and it is further urged that the merchandise, chemicals,

etc., having been used by the sheriff in keeping the parish property, prison and court house, in a sanitary condition, had enured to the benefit of the parish, and defendant, as the representative and fiscal agent of the parish, should be responsible, at least to the extent of the benefit received.

As to the sufficiency of the resolution, to revoke the authority of the sheriff to make purchases for account of defendant, the evidence shows that the sheriff had been accustomed to making purchases of merchandise, chemicals, etc., necessary to keep the prison in a sanitary condition, as well as other merchandise, which had been charged to and paid for by the Police Jury without protest, and that some of such purchases had been made from plaintiff; and while it is contended that the sheriff was thus impliedly authorized to make the purchases considered here, it is further urged that, the sheriff being the keeper of the prison, and having been permitted by the Police Jury to make purchases of merchandise necessary to keep the prison in a sanitary condition, the relations of the Police Jury and the sheriff were something more than those existing between a principal and his agent, and that the Police Jury could not revoke the authority of the sheriff to purchase merchandise necessary to keep the prison in a sanitary condition without at the same time designating an agent to make such purchases.

The petition indicates that the Police Jury is sought to be held responsible on a contract made by its agent, and the cause was apparently presented on that theory, and it is not, of course, contended that the principal may not revoke the authority of an agent without designating another, and the contention that the Police Jury could not revoke the authority of the sheriff to make purchases of merchandise necessary to keep the prison in a sanitary condition, without at the same time designating another person to make such purchases, appears to be an abandonment of the theory that the purchases were made by the sheriff under any authority emanating from the Police Jury and that such purchases were made under some authority vested in him as the keeper of the prison.

The statute making the sheriff the keeper of the prison does not declare that he shall have authority to purchase merchandise necessary to keep the prison in a sanitary condition, and to bind the parish or the Police Jury as the representative of the parish, for such purchases; and considering that the Police Jury is, under the law, the governing body of the parish, and its fiscal agent, we are of the opinion that the authority to make purchases for account of the parish was at all times vested in the Police Jury; and conceding, as the position of plaintiff implies, that there must be at all times authority vested in someone to purchase merchandise necessary to keep the prison in a sanitary condition, the authority was vested in the Police Jury, and if it had either expressly or by implication authorized the sheriff to make such purchases, it, as any other principal, had the power to revoke the authority and resume control of its affairs; and we are of the opinion that the resolution was sufficient to revoke any implied authority of the sheriff to make purchases for the Police Jury.

Relative to the sufficiency of the notice, we do not think it was necessary that plaintiff should have received notice of the action of the Police Jury through an officer of the Police Jury, but if so, it had before it a certified copy of the

resolution, which purported to have been signed by the president of that body, with a request by the treasurer of the parish, also an officer of the Police Jury, that plaintiff observe the resolution; and it thus had notice from all of the officers of the Police Jury.

And as to the contention that the parish received the benefit of the use of the merchandise and should be held responsible, as it is not suggested that the merchandise had enhanced the value of the parish property, we think any obligation of the parish or Police Jury which might have arisen from other benefits received from use of the merchandise by the sheriff, could be enforced by the sheriff alone and not by the plaintiff.

The judgment appealed from is therefore affirmed.