HAMLIN, Justice.
Mandamus proceedings were instituted by Ceasar J. Labauve, Jr., Tax Assessor for the Parisb of Iberia, to compel the Iberia Parish School Board to pay the sum of $12,692.10, its alleged share[1] of certain enumerated purchases[2] made by plaintiff-relator. The basis of the demand was LSA-R.S. 33:4713. Five exceptions were filed by the respondent school board; the trial court maintained the exception to summary proceedings by writ of mandamus and the exceptions of no right and no cause of action and rejected relator’s demand. Relator has appealed.
Act 702 of 1954 (LSA-R.S. 33:4713) provides:
“Each parish shall provide and bear the expense of a suitable building and requisite furniture for the sitting of the district and circuit courts and such offices, furniture and equipment as may be needed by the clerks and recorders of the parish for the proper conduct of their offices and shall provide such other offices as may be needed by the sheriffs of these courts and by the tax collectors and assessors of the parish and shall provide the necessary heat and illumination therefor.
“The cost of such furniture and equipment, supplies and maps, as may be needed by the tax collector and assessors of each parish shall be borne proportionately by all tax recipient bodies in the parish in the proportion that the amount received from such tax monies by each recipient body in the parish.
“That all laws and parts of laws conflicting herewith are hereby repealed.”
A study of the history of the above statute will be helpful in arriving at a proper interpretation of its provisions.
Act 111 of 1880, Section 1, provided:
“That each parish of the State shall provide a suitable building and the requisite furniture for the sitting of the district and circuit courts, and such offices and furniture as may be needed by the clerks and sheriff of said courts, the expenses thereof to be paid by the parish. * * * ”
Act 180 of 1932 amended Act 111 of 1880, Section 1, to read:
“ * * * That each Parish of the State shall provide a suitable building and the requisite furniture for the sitting of the District and Circuit Courts, *712 and such offices, furniture and equipment as may be needed by the Clerks and Sheriffs of said Courts and by the Tax Collectors, Recorders and Assessors of said Parishes for the proper conduct of their offices, and shall further provide the necessary heat and illumination therefor; the expenses thereof to be.paid by each said Parish.”
The Revised Statutes of 1950 (LSA-R.S. 33:4713) recited:
“Each parish shall provide and bear the expense of a suitable building and the requisite furniture for the sitting of the district and circuit courts, and such offices, furniture and equipment as may be needed by the clerks and sheriffs of these courts and by the tax collectors, recorders and assessors of ■the parish for the proper conduct of their offices, and shall provide the necessary heat and illumination therefor.”
Section 1 of Act 111 of 1880, Act 180 of 1932, and the Revised Statutes of 1950 stated that the parishes should provide and bear the expense of furniture and equipment for their assessors. Act 702 of 1954 (LSA-R. S. 33:4713), supra, assessed the cost of furniture and equipment, supplies and maps, as- may be needed by the tax collector and assessors of each parish, proportionately to ali tax recipient bodies in the parish. In 1958 the Legislature passed Act 251, which added the following paragraph to LSA-R. S. 33:4713:
“The police jury or other governing ' authority shall make these purchases and then bill the other tax recipients for their proportionate share.”
The record discloses that relator acted on his own authority at the time he made the purchases herein involved. His petition does not allege that he needed the furniture, equipment, and supplies; neither does it allege that the governing authority of the Parish of Iberia, nor, in fact, anyone with proper legally constituted authority, authorized the purchases. It alleges that, acting under LSA-R.S. 33:4713, relator “purchased certain furniture, equipment and supplies for and on behalf of and for the use of the office of the Tax Assessor for the Parish of Iberia, Louisiana; that said furniture, equipment and supplies were purchased after the advertisements for bids, all in accordance with law.”
In this Court appellant-relator contends that the effect of Act 702 of 1954 is to relieve the Parish of the responsibility of providing furniture and equipment for the assessors and tax collectors; that under the act this is the responsibility of the local tax recipient bodies; and, that the legislature has granted [to him, as assessor] the authority to make such purchases without any requirement that each tax recipient be queried.
Appellee argues that if relator’s interpretation of Act 702 of 1954 is correct, a sheriff or assessor could go out and expend all available funds of a police jury or school board and the other functions of the parish would necessarily have to cease at the desires and whims of such purchaser.
Therefore, the questions presented for our consideration are:
1. Did appellant, on his own authority, have the right to buy the furniture, equipment, and supplies itemized in the exhibits attached to and filed with the petition, and cause appellee to pay for same?
2. If so, is a proceeding by writ of mandamus the proper remedy?
A careful reading of Act 702 of 1954 (LSA-R.S. 33:4713) discloses that nothing therein gives an assessor the exclusive right, upon his own authority, to purchase such articles as are involved in the instant case. The provision that the cost of furniture and equipment should be borne proportionately by all tax recipient bodies merely sets forth a method of payment.
The Parish of Iberia was created by Act 208 of 1868, and provision was made therein for a police jury.
*713 “In Louisiana the police juries are the governing bodies of the parishes which are political subdivisions of the state, the same as counties in other states. * * * ” National Liberty Ins. Co. of America v. Police Jury of Natchitoches Parish, 5 Cir., 96 F.2d 261, 262. See LSA-R.S. 33:1236.
Act 702 of 1954 (LSA-R.S. 33:4713) states that, “Each parish * * * shall provide such other offices as may he needed * * * by the tax collectors and assessors of the parish * * The police jury, being the governing body of the Parish of Iberia, is vested with the right to carry on the functions of government of the Parish.
We conclude that since there was no delegation of power to the assessor (relator) — none is set forth in Act 702 of 1954 — it was incumbent upon him to assert his need for the articles to the police jury, the governing body of the Parish of Iberia. Germalene Chemical Company v. Police Jury of Grant Parish, 11 La.App. 211, 123 So. 426.
Appellant-relator, in further support of his position, calls our attention to the fact that since the trial of the exceptions in the lower court the legislature has again amended LSA-R.S. 33:4713 by Act 251 of 1958, supra. He contends that this amendment does nothing more than designate the police jury or other governing authority as the purchasing agent of the assessors and tax collectors. We do not agree with this contention. We believe that the amendment was enacted to clear up any ambiguity which may have existed in Act 702 of 1954 (LSA-R.S. 33:4713). This enactment corroborates our conclusion that before making the purchases herein involved, appellant should have asserted his need for them to the police jury and obtained from that governing body of the Parish of Iberia authority to do so.
In view of the above reasoning, we are of the opinion that the exceptions of no right of action and no cause of action were properly maintained. Having so decided, it is not necessary for us to answer the numerous contentions raised by both litigants as to the right of relator to proceed by manda-; mus. Since relator has no right or cause of action, he is not entitled to a writ of mandamus.
Relator’s action was predicated on Act 702 of 1954 (LSA-R.S. 33:4713). It is not necessary that we discuss its relationship to-LSA-R.S. 47:1908, Assessors’ Expense Account.
For the reasons assigned, the judgment of the trial court is affirmed.

. The petition alleges that the Iberia Parish Police Jury, the LaSalette Hospital District, the Petite Anse Coteau Drainage District, and the Atchafalaya Basin Levee District have paid $10,437.37 demanded of them — their combined proportions of $23,129.47.

. The purchases, totaling $23,129.47, included executive desks, executive posture chairs, costumers, filing cabinets, a book-ease, waste baskets, lamps, pinch pleat drapes, a multipost stamp affixer for stamp roll, a silver executive automatic paper shredder with automatic paper feed, electric typewriters, an electric calculator, index tabs, three air-conditioners, a. foam rubber sofa, eight sand urns — gold anodized all aluminum — , and a large full leather dictionary.